IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DR. HIEU X. PHAN JR.<br>*Plaintiff* | §<br>§<br>§<br>§ |
| VS. | § CIVIL ACTION NO. 5:23-cv-01418<br>§<br>§   Jury Demanded |
| UNIVERSITY OF THE INCARNATE WORD<br>*Defendant* | §<br>§<br>§<br>§ |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **DR. HIEU X. PHAN, JR.**, hereafter referred to as "Dr. Phan" or "Plaintiff," and files this, his Original Complaint and Jury Demand against University of the Incarnate Word ("Incarnate Word", or "Defendant"). Dr. Phan alleges violations of Title VII and the Age Discrimination in Employment Act. For causes of action, Dr. Phan would show this Court as follows:

**I.
PARTIES**

1. Plaintiff **DR. HIEU X. PHAN, JR.** is a resident of Bulverde, Comal County, Texas.

2. Defendant, **UNIVERSITY OF THE INCARNATE WORD** is a Texas non-profit corporation. It may be served with process by serving its registered agent for service of process, Cynthia S. Escamilla, 4301 Broadway, San Antonio, Texas 78209. A waiver of service has been requested.

1

## II.
## JURISDICTION AND VENUE

3. The Court has jurisdiction to hear the merits of Phan's claims under 28 U.S.C. §1331 as they arise under federal statutes, specifically Title VII and the Age Discrimination in Employment Act.

4. All the acts alleged herein occurred in Bexar County, Texas within the Western District of Texas, San Antonio Division.

5. Venue in this district and division is proper under 28 U.S.C. § 1391(b)(2).

6. At the time of filing, damages are within the jurisdictional limits of the court.

## III.
## MISNOMER / MISIDENTIFICATION

7. If any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter "egos of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.
## FACTS

8. Plaintiff Dr. Hieu X. Phan Jr. was hired by Defendant University of the Incarnate Word in January of 2016 as an associate professor. Phan is Asian and is of Vietnamese National Origin.

9. On or about August 1, 2021, Dr. Osman Ozturgut was appointed Dean of the School of Professional Studies, where Phan worked. Ozturgut is of Middle Easter/Turkish descent.

2

10. Phan was an Associate Professor of Criminal Justice and the Graduate and Undergraduate Program Director.

11. Soon after Ozturgut became Dean he started to prohibit Phan from teaching overflow courses. These are extra teaching assignments that allow the professors to earn extra income. Phan would earn between $20,000.00 and $30,000.00 annually from teaching Overload courses.

12. On or about December 21, 2021 Phan asked Ozturgut why Ozturgut and others were allowed to teach overload courses and Phan was not. Ozturgut told Phan the question was disrespectful, that it was none of his business and that he did not report to Phan and Phan was not his boss.

13. On December 22, 2021, Phan contacted the Director of Human Resources, Shannon Root and told her that he intended to file discrimination, retaliation, and hostile working environment complaints against Ozturgut.

14. On January 5, 2022, Phan met with Root to discuss the complaints. He also submitted a written complaint to HR that same day.

15. On January 9, 2022, Root told Phan that HR would investigate the claims within 30-45 days. Phan also provided Root with a list of witnesses to the discriminatory acts against him.

16. On January 31, 2022, Phan emailed Root to ask for an update on the investigation but did not receive a call back. He further called her 4 more times between January 31 2022 and March 27, 2022. He was able to leave messages but did not get a call back.

17. On February 23, 2022 Phan submitted a Professional Ethics Complaint to Incarnate Word. In it he complained that he was treated differently because of his race/national origin and that Full-time advisors and staff, who were not faculty were allowed to teach overloads but that he was not. Phan further noted that Ozturgut assigned himself overload courses while denying Phan the same opportunity.

18. On March 11, 2022 Plaintiff emailed Ozturgut and Root telling him that he was being discriminated against and retaliated against.

19. On March 14, 2022, Plaintiff is offered three overload courses, but they are on topics he is not qualified to teach. The courses were on topics such as Adult Learning and Development which Phan had no experience with and had never taught. He told Ozturgut and Root that he did want to teach additional courses but only if he was qualified, otherwise it would not benefit the students.

20. On March 23, 2022 Phan emailed Root and the Vice President of Human Resources, Anette Thompson to request an in person meeting because he was not getting phone or email updates about the investigation.

21. On March 31, 2022, Plaintiff filed his first charge of Discrimination, Charge No. 451-2022-00905, alleging race and national origin discrimination.

22. On April 5, 2022, Plaintiff met with Shannon Root and Annette Thompson for an update on his discrimination, retaliation, and hostile work environment claims against Dr. Osman Ozturgut. Plaintiff asked Root if she had contacted any of the witnesses. Root claimed that she had contacted 3-4 and spoken with 2. However, When Dr. Phan later contacted his witnesses they told him that neither Root nor anyone else from HR had contacted them.

23. Phan was not allowed to teach the same summer courses while others who had not made complaints were. He was also not allowed to teach courses that he had created. These were given to an adjunct instructor who did not have a terminal degreed.  Courses were taken away from him after he started developing them.

24. On May 23, 2022, Phan emailed Root to ask her to provide him with the names of the witnesses that she had supposedly contacted as part of the investigation.  Neither Root nor Thompson ever responded to the email.

25. On September 1, 2022 the interim Provost Caroline Goulet sent Plaintiff a letter stating that all policies were followed properly as to the June 6, 2022 grievance.

26. Phan filed his second charge of discrimination, Charge No. 451-2022-02415 on September 9, 2022 alleging race and national origin discrimination as well as retaliation.

27. On October 24, 2022, Dr. Phan Emailed Root to ask for an update on the investigation.  She replied that "We have looked into your complaints of discrimination, retaliation, and a hostile work environment. We have concluded our investigation and found that Dr. Osman Ozturgut did not violate UIW's non-discrimination policy and/or UIW's harassment and retaliation policy."

28. In contrast to the 30-45 days Plaintiff was told it would take, Defendant did not respond to his claims until 9 and a half months after he made them.

29. Other employees of Defendant who made claims had their claims quickly addressed.  For example, Plaintiff learned that Dr. Tina Siller, who is white, had her complaints quickly and thoroughly investigated, unlike what happened with Plaintiff's claims.

30. In November 11, 2022 Phan submitted an application for two open positions with the Deerban School of Education for Associate Professors of Graduate Studies. Phan was never interviewed for the position despite being qualified.

31. On or about April 28, 2023, Plaintiff applied for the Assistant Professor of Criminal Justice Position. On May 5, 2023, the position was canceled.

32. On May 31, 2023, Plaintiff position was changed from Full time to part time. He was also assigned no courses and therefore is now not working or earning income.

33. On June 6, 2023, Plaintiff was informed by the Search Committee Chair Norman St. Clair that tow external candidates for the Associate Professors of Graduate Studies positions had been selected and would be announced on August 2023. Plaintiff's understanding is that both are Caucasian.

34. Plaintiff filed his third Charge of Discrimination No. 451-2023-01996 on June 28, 2023.

## V.
## RACE/NATIONAL ORIGIN DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII

35. The evidence will show that:

   (a) Plaintiff is a member of a protected class based on race and national origin. (Asian/Vietnamese).

   (b) Plaintiff is qualified for his position as an Associate Professor;

   (c) Plaintiff suffered an adverse employment action (Plaintiff had overload classes taken away, Plaintiff had summer classes taken away, Plaintiff was demoted to part time and now has no classes); and

   (d) The circumstances arising out of Plaintiff's termination raise an inference of race/national origin discrimination. (other non-Asian/non-Vietnamese

employees of Defendant with the same job title as Plaintiff were treated more favorably than Plaintiff.   Non-Asian/Non-Vietnamese candidates were chosen for positions that Plaintiff applied for despite Plaintiff being qualified.

36. The evidence will also show that Defendant's reason(s) for taking adverse employment actions against Plaintiff's employment are pretextual.

## VI.
## RETALIATION FOR REPORTING RACE/NATIONAL ORIGIN DISCRIMINATION

37. The evidence will show that Defendant retaliated against Plaintiff because she complained about race/national origin discrimination and/or harassment in violation of Title VII:

(1  Plaintiff engaged in protected activity under Title VII; (Plaintiff brought complaints about race and national origin discrimination both to Defendant directly and through three EEOC charges)

(2  Plaintiff was subjected to an adverse employment action (Plaintiff had overload classes taken away, Plaintiff had summer classes taken away, Plaintiff was demoted to part time and now has no classes);

(3  A causal link exists between the protected activity and the adverse employment action.  (Other employees who did not bring complaints as Plaintiff did were treated more favorably).

## VII.
## AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

38. The evidence will show that:

(1  Plaintiff is a member of a protected class based on age. (Over 40).

(2  Plaintiff is qualified for his position as an Associate Professor;

(3  Plaintiff suffered an adverse employment action; (Plaintiff had overload classes taken away, Plaintiff had summer classes taken away, Plaintiff was demoted to part time and now has no classes)and

(4  The circumstances arising out of Plaintiff's termination raise an inference of age discrimination.  (Plaintiff's co-workers who were younger than 40 years old were treated more favorably than Plaintiff).

39. The evidence will also show that Defendant's reason(s) for taking adverse employment actions against Plaintiff's employment are pretextual.

## VIII.
## RESPONDEAT SUPERIOR

40. Employees involved in the discrimination described herein were at all times employees, agents, or representatives of the Defendant and were at all times acting in the course and scope of that employment. Accordingly, Defendant is liable for such conduct under the doctrine of Respondeat Superior.

## IX.
## DAMAGES

41. Plaintiff alleges that as a direct and proximate result of the conduct and/or omissions on the part of the Defendant, she is entitled to recover at least the following legal damages:

   (1) Lost wages, past and future;

   (2) Compensatory Damages under the ADA, including harm to professional reputation inconvenience, and mental anguish suffered in the past, and which, in all reasonable probability, which will be suffered in the future;

   (3) Reasonable attorney fees, expert fees and costs.

## X.
## ADMINISTRATIVE FILINGS

42. Plaintiff filed 3 original verified complaints with the Equal Employment Opportunity Commission and the Texas Workforce Commission Civil Rights Division dually alleging that the Defendant had committed and unlawful employment action against Plaintiff.

43. Thereafter, Plaintiff received a Right to Sue letter the EEOC on each of his charges of discrimination, giving Plaintiff notice of his right to sue Defendant within 90 days of its receipt, attached hereto as **Exhibit "A."** Plaintiff timely filed his Plaintiff's Original Complaint.

## XI.
## ATTORNEY FEES

44. Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining counsel.   Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

> (1) Preparation and trial of the claim, in an amount the jury deems reasonable;
>
> (2) Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;
>
> (3) An appeal to the Court of Appeals, in an amount the jury deems reasonable;
>
> (4) Making or responding to an Application for Writ of Error to the Supreme Court, and attorneys' fees if application for Writ of Error is granted, in an amount the jury deems reasonable; and
>
> (5) Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## XII.
## JURY DEMAND

45. Plaintiff further demands a trial by jury.   A jury fee has been tendered.

## PRAYER FOR RELIEF

WHEREFORE, Dr. Hieu X. Phan requests Defendant be cited to appear and answer, and that on final trial, Dr. Hieu X. Phan have judgment against Defendant as follows:

> (1) judgment against Defendant for Phan's actual damages, including lost wages and benefits (both front and back pay and/or equitable relief to include reinstatement, if feasible);

(2) judgment against Defendant for compensatory damages in the maximum amount allowed by law under Title VII and the ADEA;

(3) pre-judgment and post-judgment interest at the maximum allowed by law;

(4) costs of suit, including attorneys' fees; and

(5) such other and further relief, both at law and in equity, to which Phan may be justly entitled.

**Respectfully Submitted,**

**PONCIO LAW OFFICES**
A Professional Corporation
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550
**Telephone: (210) 212-7979**
**Facsimile: (210) 212-5880**


BY:   */s/ Adam Poncio*
    **ADAM PONCIO**
    **STATE BAR NO. 16109800**
    **aponcio@ponciolaw.com**
    **ALAN BRAUN**
    **STATE BAR NO. 24054488**
    **abraun@ponciolaw.com**
    **ATTORNEYS FOR PLAINTIFF**